Andrew W. Keir
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 532-2228
Andrew.W.Keir@usdoj.gov

Alex Silagi
Assistant United States Attorney
District of New Jersey
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 353-6001
asilagi@usa.doj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TCI PACIFIC COMMUNICATIONS, LLC<br><br>Defendant. | Civil Action No. |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under Sections 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607(a), regarding the Barth Smelting Corporation Superfund Site (the "Site"), which is located in a mixed residential and industrial neighborhood within the Ironbound Section of Newark, Essex County, New Jersey. The United States seeks recovery against Defendant TCI Pacific Communications, LLC for response costs incurred by the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at or from the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over Defendant under 28 U.S.C. §§ 1331 and 1345, and Sections 107(a), and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a), and 9613(b).

3. Venue properly lies in the District of New Jersey for claims against Defendant pursuant to 28 U.S.C. §§ 1391 and 1395, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because these claims arise in connection with releases and/or the threat of releases of hazardous substances in this District and the Site is located in this District.

## DEFENDANT

4. Defendant TCI Pacific Communications, LLC ("TCI") is a limited liability corporation organized under the laws of Delaware.

5. TCI is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY BACKGROUND

6. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

7. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

8. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

9. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section . . . any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . . shall be liable for
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

10. Under Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), the term "facility" means (A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located.

11. Under Section 101(22), of CERCLA, 42 U.S.C. § 9601(22), the term "release" means any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment.

12. Under Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), and Section 1004(3) of the Solid Waste Disposal Act, 42 U.S.C. § 6903(3), the term "disposal" includes, among other things, the "discharge, deposit, injection, dumping, spilling,

leaking, or placing" of wastes into or on any land or water so that such wastes or any constituent thereof "may enter the environment or be emitted into the air or discharged into any waters, including ground waters."

## GENERAL ALLEGATIONS

13. The Site includes the former Barth Smelting Corporation facility located at 99 Chapel Street, Newark, New Jersey and the extent of lead contamination adjacent to that former facility, including a playground and grassy area at the Millard E. Terrell Homes housing complex ("Terrell Homes Complex").

14. The Terrell Homes Complex is located at 59-97 Chapel Street (Block 2442, Lot 1 on the Tax Map of Newark, New Jersey). It abuts the southern border of the former Barth Smelting Corporation facility. The Terrell Homes Complex is owned and operated by the Newark Housing Authority ("NHA"). Public housing occupancy at all NHA properties is dictated by income, with preferences for elderly, disabled and Division of Youth and Family Services referrals. The Terrell Homes Complex consists of 275 units.

15. From approximately 1852 to 1910, the New Jersey Zinc Company ("NJZ"), a New Jersey corporation, operated a zinc smelting facility, the footprint of which encompassed the Site.

16. TCI, through a series of mergers and name changes, is the corporate successor to NJZ. As the successor to NJZ, TCI is responsible for NJZ's liabilities,

under Section 107 of CERCLA, 42 U.S.C. § 9607, for response costs incurred by the United States in connection with the Site.

17. Hazardous substances, including lead, were deposited onto the soils at the Site at the time that NJZ and its successors owned and operated that property.

18. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

19. At times relevant to this action, there were "releases" or threats of releases of hazardous substances, including lead, into the environment at or from the Site within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

20. The lead found at the Site was and is a "hazardous substance" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

21. To date, EPA has incurred at least $1,738,420 in response costs at the Site.

22. The response costs were incurred in a manner not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

23. EPA has not been reimbursed for any of the response costs it has incurred at the Site.

## CLAIM FOR RELIEF

*Recovery of Response Costs under CERCLA Section 107(a)*

24. The preceding Paragraphs are re-alleged and incorporated herein by reference.

25. The Defendant owned or operated or is a successor to a person who owned or operated a facility at the time that hazardous substances were disposed of there, and is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

26. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendant is jointly and severally liable for all unreimbursed response costs, including enforcement costs and interest, incurred by the United States in connection with the Site.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Enter judgment in favor of the United States, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding the Defendant jointly and severally liable for response costs, including enforcement costs, incurred by the United States in connection with the Site, plus interest thereon;

b. Award Plaintiff all enforcement costs and disbursements in this action; and

c. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

ELLEN MAHAN
Deputy Section Chief

Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Dated: 08/21/2023

By: <u>*/s/ Andrew W. Keir*</u>

Andrew W. Keir
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 532-2228

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

<u>*/s/ Alex Silagi*</u>

Alex Silagi
Assistant United States Attorney
District of New Jersey
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 353-6001

OF COUNSEL:

William Reilly
Olga Pappas
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1866

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

*/s/ Andrew W. Keir*
Andrew W. Keir
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 532-2228
Andrew.W.Keir@usdoj.gov